UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-2046-MWF (JCx) | **Date:** May 11, 2020 |
| **Title:** Michael Viramontes, et al. v. FCA US LLC, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [9]; EX PARTE APPLICATION TO STRIKE DEFENDANTS' AMENDED RULE 68 OFFER OF COMPROMISE [15]

Before the Court are two matters:

First, there is Plaintiffs Michael Viramontes and Jasmin Sanchez Viramontes' Motion to Remand (the "Motion"), filed on March 24, 2020. (Docket No. 9). Defendant FCA US LLC ("FCA") filed an Opposition on April 6, 2020. (Docket No. 11). Plaintiffs filed their Reply on April 13, 2020. (Docket No. 13).

Second, there is Plaintiffs' Ex Parte Application for an Order Striking FCA's Amended Rule 68 Offer of Judgment (the "Application"), filed on April 20, 2020. (Docket No. 15). FCA filed an Opposition to the Application on April 21, 2020. (Docket No. 16).

The Motion was noticed to be heard on April 27, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing was further required by the Continuity of Operations Plan arising from the COVID-19 emergency. The hearing was therefore **VACATED** and removed from the Court's calendar.

---

**CIVIL MINUTES—GENERAL**  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2046-MWF (JCx)            Date:  May 11, 2020
Title:    Michael Viramontes, et al. v. FCA US LLC, et al.

For the reasons discussed below, the Court rules as follows:

- The Motion is **GRANTED**.  FCA has not established that Cerritos Dodge Chrysler Jeep ("Cerritos"), the dealership, was fraudulently joined, "fraudulently" being used here with its technical jurisdictional meaning. The Court also declines to exercise its discretion to drop Cerritos as a Defendant.  Because Plaintiffs are California citizens and Cerritos is a California corporation, this Court lacks diversity jurisdiction and the action must be remanded.

- Because the Court lacks jurisdiction over the action, the Application is **DENIED** *as moot*.  Whether the Rule 68 offer has any effect in Superior Court is a question for the Superior Court.

## I.    BACKGROUND

On January 27, 2020, Plaintiffs commenced this action in the Los Angeles County Superior Court.  (*See* Notice of Removal ("NoR"), Ex. A, Complaint (Docket No. 1-3)).  Plaintiffs are residents of Los Angeles County, California.  (*Id.* ¶ 2).  FCA is a Delaware corporation with its principal place of business is in Michigan.  (*Id.* ¶ 4; NoR ¶ 28).  Cerritos is a California corporation conducting business in Los Angeles County.  (Compl. ¶ 5).

The Complaint alleges as follows:

In August 2016, Plaintiffs purchased a 2017 Chrysler Pacifica (the "Vehicle"), which was manufactured and/or distributed by FCA.  (*Id.* ¶ 8).  In connection with the purchase, Plaintiffs received an express warranty in which FCA undertook to "preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time."  (*Id.* ¶ 9). The warranty provided, in relevant part, that if a defect developed with the Vehicle during the warranty period, Plaintiffs could "deliver the Vehicle for repair services to [FCA's] representative and the Vehicle would be repaired."  (*Id.*).  During the warranty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-2046-MWF (JCx)          **Date:** May 11, 2020
**Title:** Michael Viramontes, et al. v. FCA US LLC, et al.

---

period, the Vehicle contained or developed numerous defects, including defects related to the check engine light and fuel pressure sensor, defects that caused the Vehicle to jerk or not start, and various other defects that required parts to be replaced or updated. (*See id.* ¶ 10). Plaintiffs further allege that they purchased the Vehicle as manufactured with a defective 9HP transmission and powertrain control module ("PCM"). (*Id.* ¶ 11).

Plaintiffs allege on information and belief that FCA knew that the Vehicle was equipped with a defective 9HP transmission and PCM, but failed to disclose the fact and concealed the existence and nature of the alleged defect from Plaintiffs at the time of purchase and thereafter. (*Id.* ¶¶ 13-15, 22). Plaintiffs also allege that Cerritos "breached its duty to Plaintiffs to use ordinary care and skill by failing to properly store, prepare and repair" the Vehicle in accordance to industry standards. (*Id.* ¶ 60).

Based on the above allegations, Plaintiffs assert seven claims for relief: (1)–(3) violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*; (4) breach of express written warranty; (5) breach of the implied warranty of merchantability; (6) fraud by omission; and (7) negligent repair. (*Id.* ¶¶ 26–62). Plaintiffs assert the first six claims against FCA and the seventh claim against Cerritos. (*See id.*).

On March 2, 2020, FCA timely removed the action, invoking the Court's diversity jurisdiction and asserting that Cerritos was fraudulently joined. (*See generally* NoR).

## II.   **EVIDENTIARY OBJECTIONS**

In conjunction with its Opposition, FCA filed Evidentiary Objections with respect to a declaration and exhibits filed with the Motion. (*See* Docket No. 12).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-2046-MWF (JCx)          **Date:**  May 11, 2020
**Title:**     Michael Viramontes, et al. v. FCA US LLC, et al.

Specifically, FCA objects to several assertions contained in the declaration and two Central District orders, which were attached to the declaration. (*Id.*).

None of FCA's objections are convincing, as many are garden variety evidentiary objections based on relevance and hearsay. In ruling on the Motion, the Court relies only upon admissible evidence. To the extent the Court relies upon evidence to which Plaintiffs object, the objections are **OVERRULED**. To the extent the Court does not, the objections are **DENIED** *as moot*.

## III. DISCUSSION

Plaintiffs argue that the action should be remanded because (1) FCA failed to show that Defendant Cerritos was fraudulently joined to this action; (2) FCA has failed to demonstrate that Plaintiffs are citizens of California; (3) FCA did not establish its own citizenship; and (4) FCA did not establish that the amount in controversy exceeds $75,000. (Motion at 4-15).

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mort. Co.,* 340 F.3d 858, 861 (9th Cir. 2003). Federal question jurisdiction is not asserted. The issues, then, are whether there is complete diversity and whether the amount in controversy has been met.

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Servs. – Shasta, LLC v. Sierra Pacific Indus.*, No. 15-CV-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. U.S.*, 850 F.2d 558 (9th Cir. 1988)). While, in the context of a motion to remand due to lack of diversity jurisdiction, it is "well established that courts may pierce the pleadings . . . and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. The Boeing Co.*, No. 15-CV-2846-SVW (ASx), 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2046-MWF (JCx)                    Date:  May 11, 2020
Title:     Michael Viramontes, et al. v. FCA US LLC, et al.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

### A.     Meet and Confer

As an initial matter, FCA argues that the Motion should be denied because the Local Rule 7-3 meet and confer took place on March 20, 2020, four days before filing the Motion.  (Opposition at 9).  In response, Plaintiffs assert that they emailed Defendant on March 5, 2020 explaining that no diversity jurisdiction existed and that they were writing to meet and confer regarding their intention to move to remand. (Reply at 1) (citing Declaration of Tionna Dolin ("Dolin Decl.") ¶ 3, Ex. 1 (Docket Nos. 9-2, 9-3)).

The Court does not resolve the parties' dispute as to whether the Rule 7-3 meet and confer took place on March 5, 2020 or March 20, 2020.  Regardless, the Court will consider the merits of the Motion because Plaintiffs' failure to comply with the Local Rule does not appear to have prejudiced FCA in any meaningful way and Plaintiffs communicated their intent to move to remand as early as March 5, 2020.

### B.     Complete Diversity and Fraudulent Joinder

The parties dispute whether Cerritos is a sham defendant.  If so, then complete diversity does not exist and this action should be remanded.  (The Court is unpersuaded by Plaintiffs' arguments that they are not California citizens, as they have done nothing to suggest that the technical distinction between "reside" and "domiciled" applies to them).  An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-2046-MWF (JCx)        **Date:** May 11, 2020
**Title:** Michael Viramontes, et al. v. FCA US LLC, et al.

494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

Because a defendant faces a heavy burden in establishing that remand is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Here, FCA argues that Cerritos' joinder is fraudulent because Plaintiffs' negligent repair claim against Cerritos is deficient. (Opp. at 20-23). Specifically, FCA argues that the claim is barred under the economic loss rule, and even if it was not barred, Plaintiffs' allegations are inadequately pled. (*Id.*). FCA also argues that, alternatively, the Court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Cerritos as a party. (*Id.* at 23-24).

       **1.**      **Economic Loss Rule**

FCA first argues that the economic loss rule bars Plaintiffs' negligent repair claim against Cerritos. (Opp. at 21-22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-2046-MWF (JCx)  Date: May 11, 2020
Title: Michael Viramontes, et al. v. FCA US LLC, et al.

Economic loss includes "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 482, 127 Cal. Rptr. 2d 614 (2002) (internal quotation marks and citation omitted). Under California law, "[e]conomic losses are not recoverable under negligence." *S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978); *see also Seely v. White Motor Co.*, 63 Cal. 2d 9, 18, 45 Cal. Rptr. 17 (1965) ("Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone.")

However, "California decisional law has long recognized that the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Jimenez*, 29 Cal. 4th at 483. Based on this principle, a manufacturer of a defective component still may be liable for a tort claim for damage that the defect causes to other parts of the product. *See id.* ("[W]e conclude that the manufacturer of a defective window installed in a mass-produced home may be held strictly liable in tort for damage that the window's defect causes to other parts of the home in which it is installed"); *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019) ("Defendants have failed to show the economic loss rule entirely precludes Plaintiffs' negligent repair claim" because "Plaintiffs allege problems with various subcomponents of the engine, including the rear driveshaft, engine compartment, and turbocharger.").

Here, Plaintiffs have alleged that various components of the Vehicle are defective. Because such defects may have caused damage to the rest of the Vehicle, the economic loss rule does not entirely preclude Plaintiffs' negligent repair claim. *See e.g., Madison v. Ford Motor Co.*, No. 2:19-CV-00853 WBS DB, 2019 WL 3562386, at *2 (E.D. Cal. Aug. 6, 2019) ("Consistent with the economic loss rule, it is possible that plaintiffs could show that a defect in one component of the vehicle caused damage to other parts of the vehicle."); *Lopez v. Ford Motor Co.*, No. CV 19-4779-GW (FFMx), 2019 WL 5444391, at *2 (C.D. Cal. July 18, 2019) ("Defendants have not established

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-2046-MWF (JCx)           **Date:** May 11, 2020
**Title:** Michael Viramontes, et al. v. FCA US LLC, et al.

---

that a customer could never recover against a dealership for negligent repair of a vehicle under warranty."); *Lytle v. Ford Motor Co.*, No. 2:18-CV-1628 WBS EFB, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle.").

Accordingly, FCA has not shown that the economic loss rule renders recovery against FCA impossible.

### 2. Insufficient Allegations

Even if Plaintiffs could overcome the economic loss rule, FCA argues that Plaintiffs' claim for negligent repair against Cerritos is not sufficiently alleged. (Opp. at 23). FCA argues that Plaintiffs' allegation that the dealership "fail[ed] to properly store, prepare, and repair" the Vehicle in accordance with industry standards is not sufficient because the "allegations consist of empty boilerplate devoid of factual matter. (Opp. at 23).

"[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Avellanet v. FCA US LLC*, No. CV 19-7621-JFW (KSx), 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) (internal quotation marks and citation omitted); *see also Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[M]erely showing that an action is likely to be dismissed against the defendant does not demonstrate fraudulent joinder. 'The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.'").

Defendants have not established that there is absolutely no possibility that Plaintiffs can establish a cause of action against Cerritos. Therefore, the Court cannot determine that Cerritos was fraudulently joined.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2046-MWF (JCx)                    Date:  May 11, 2020
Title:    Michael Viramontes, et al. v. FCA US LLC, et al.

### C.    Dropping Cerritos as a Party

If fraudulent joinder has not been established, FCA alternatively argues that the Court should "exercise its discretion under Fed. R. Civ. P. 21 to drop Cerritos [] from this lawsuit." (Opp. at 23). According to FCA, Plaintiffs have not shown that "Cerritos [] is necessary to afford Plaintiffs full relief as they have not identified any cognizable damages from the dealership's alleged negligent repair of the vehicle." (*Id.* at 24).

"[T]he court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *accord Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1263 (C.D. Cal. 2014) ("If joinder is improper, Rule 21 provides that the court may, on its own or a party's motion, 'at any time, on just terms, add or drop a party.' (citations omitted)). Therefore, if plaintiffs fail to meet the standard for permissive joinder, "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citations omitted). In appropriate cases, courts can remedy misjoinder by dismissing the claims of all but the first named plaintiff without prejudice to the filing of individual actions. *Id.* at 1350–51.

Here, the Court concludes that the inclusion of Cerritos as a Defendant is proper. Plaintiffs' claims against FCA and Cerritos are inextricably linked and involve significant overlapping questions of fact and law. All of Plaintiffs' claims involve the same vehicle, the same alleged defects, and the same "protracted and, ultimately unsuccessful attempt to repair the [] Vehicle." (Reply at 11). It would therefore make little sense for Plaintiffs to pursue similar claims against FCA and Cerritos in two separate actions and courts.

To the extent that FCA believes that Cerritos is an unnecessary party and Plaintiffs could obtain full relief from FCA, this "does not make [Cerritos] a fraudulently joined defendant if [Plaintiffs have] pleaded a claim against it even if [they] did not have to plead such a claim." *Cardenas*, 2018 WL 2041616, at *1 (remanding action and, like here, rejecting the argument that "Worthington Ford was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2046-MWF (JCx)           Date:  May 11, 2020
Title:    Michael Viramontes, et al. v. FCA US LLC, et al.

fraudulently joined because Plaintiff's single implied warranty claim against Worthington Ford is barred by the statute of limitations").

Simply put, FCA has provided no reason why, on just terms, the Court should drop Cerritos.  Having concluded that there is not complete diversity, the Court need not address Plaintiffs' arguments concerning Defendants' failure to establish FCA's own citizenship, that the amount in controversy exceeds $75,000, or Plaintiffs' status as California citizens based on the Complaint's allegations of residency.

## IV.   CONCLUSION

The Motion is **GRANTED**.  The Court **REMANDS** this action to the Los Angeles County Superior Court.

Because the Court lacks subject matter jurisdiction over the action, the Application is **DENIED** *as moot*.  Whether the Rule 68 offer has any effect in Superior Court is a question for the Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.